UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. MURPHY,

      Petitioner,

                              CASE NO. 97-CV-76017-DT
v.                                JUDGE AVERN COHN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

FRANK ELO,

      Respondent.
      _____/

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO PERMIT DISCOVERY

Petitioner Timothy D. Murphy, a state prisoner, commenced this habeas corpus action on November 24, 1997, challenging his 1991 state court convictions for criminal sexual conduct, breaking and entering, and unarmed robbery. After the petitioner was dismissed by the Court for lack of exhaustion and then reinstated, petitioner filed an amended petition raising six claims for relief: (1) improper admission of statistical evidence regarding the likelihood of a DNA match; (2) ineffective assistance of trial counsel; (3) prosecutor misconduct; (4) prejudicial delay in arresting petitioner; (5) cumulative error; and (6) ineffective assistance of appellate counsel. The case was stayed pending petitioner's application in the state court for further DNA testing, and the stay was lifted on November 9, 2004.

On September 10, 2004, prior to the lifting of the stay, petitioner filed this motion for leave to conduct discovery. Petitioner seeks discovery related to four claims asserted in his petition. Respondent filed a response to the motion on September 28, 2004, and petitioner filed a reply on

1

October 7, 2004.  For the reasons that follow, petitioner's motion will be denied.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery.  Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief.  *See Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

      1.     *Cellmark's Methodology, &c.*

Petitioner first seeks to conduct discovery regarding Cellmark's methodology, statistical databases, laboratory protocols, and laboratory error rates, as well as the qualifications of all persons involved in the testing of DNA samples in his case.  *See* Br. in Supp. of Mot. for Leave to Conduct Discovery, at 5.  Petitioner claims that this discovery will assist him in establishing that the statistical analysis used by Cellmark in his case was not generally accepted in the scientific community.  However, as explained in my Report and Recommendation addressing the merits of petitioner's habeas application, issued on this date, the question before the Court is not whether the method used by Cellmark was generally accepted in the scientific community, but whether the method was so unreliable that the admission of the statistical evidence deprived petitioner of a fair trial.  *See* R&R, at 19.  For the reasons explained in my Report, petitioner cannot make this showing as a matter of law, *see id*. at 19-21, and none of the discovery he seeks relating to Cellmark's

practices would alter this legal conclusion.  Accordingly, petitioner is not entitled to this discovery.

    2.    *Qualifications of Dr. Stone*

Petitioner next seeks to conduct discovery regarding the qualifications of Dr. Stone, upon whom both trial counsel and the trial court relied in concluding that further investigation of Cellmark's practices and procedures was not necessary.  Petitioner contends that this discovery will support his claim that counsel was ineffective for failing to seek additional discovery regarding Cellmark's practices and procedures.  *See* Br. in Supp. of Mot., at 6.  This request fails for the same reason that petitioner's first request fails.  Petitioner has offered nothing other than speculation to question Dr. Stone's qualifications, and even if the discovery could conceivably cast doubt on counsel's reliance on Dr. Stone, this would not alter the fact that any further discovery of Cellmark's practices and procedures which petitioner claims counsel should have sought would have affected the admissibility of the statistical evidence.  Accordingly, petitioner is not entitled to this discovery.

    3.    *Counsel's Investigation of Alibi Witness*

Petitioner next seeks to conduct discovery relating to counsel's failure to investigate alibi witness Joyce Iagaz, and the reasons for counsel's failure to call her as a witness.  *See* Br. in Supp. of Mot., at 7.  As with petitioner's previous requests, even if the discovery would reveal what petitioner claims it would, this would not affect the analysis of his habeas claim.  As explained in my Report, even assuming that counsel was ineffective in his handling of Iagaz, she would not have been able to provide petitioner an alibi during the time the crime was committed.  Thus, assuming *arguendo* that everything petitioner says about Iagaz's supposed testimony is true, he still cannot show a reasonable probability that the result of his trial would have been different, as necessary to obtain habeas relief on this claim.  *See* R&R, at 25-26.  Accordingly, petitioner is not entitled to this

discovery.

    4.    *Prosecutorial Misconduct and Delay*

Finally, petitioner seeks discovery regarding various instances of prosecutorial misconduct and the state's delay in arresting him. *See* Br. in Supp. of Mot., at 8-9. With respect to the prosecutorial misconduct issues, these matters are readily resolved by the trial record. Nothing outside the record impacts whether the prosecutor improperly vouched for certain evidence or witnesses, or impermissibly shifted the burden of proof. With respect to the delay issue, as explained in my Report petitioner has offered nothing other than speculation to suggest that the prosecutor's explained reason for the delay was untrue, and the prosecutor's explanation provided a constitutional basis for the delay in bringing charges against petitioner. *See* R&R, at 37-38. Petitioner's speculative allegations are insufficient to establish good cause for discovery. *See Hills v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000); *Sanborn v. Parker*, 289 F. Supp. 2d 818, 827 (W.D. Ky. 2003); *United States ex rel. Blankenship v. Circuit Ct. of Cook County*, 59 F. Supp. 2d 736, 739-40 (N.D. Ill. 1999).

In view of the foregoing, it is ORDERED that petitioner's motion for leave to conduct discovery is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: 9/1/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 1, 2005.
>
> s/Eddrey Butts
> Case Manager