UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVID MURPHY,

        Petitioner,                  Case Number: 97-76017

v.                                        HONORABLE AVERN COHN

FRANK ELO,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Timothy David Murphy (Petitioner), a state prisoner convicted of two counts of first degree criminal sexual conduct, two counts of second degree criminal sexual conduct, one count of breaking and entering, and one count of unarmed robbery, claims that he is constitutional in violation of his constitutional rights.  The matter was referred to a magistrate judge for a report and recommendation (MJRR).  The magistrate judge, in a thorough going analysis of Petitioner's claims, carefully considered all of them on the merits and recommends that the petition be denied.  Petitioner filed objections.  The Court reviewed the objections and found that the magistrate judge did not err in concluding that Petitioner is not entitled to habeas relief on any of his claims.

Before the Court is Petitioner's request for a certificate of appealability (COA) on the following issues:

1. Whether the Court violated Petitioner's constitutional rights by not conducting a <u>de novo</u> review of the MJRR following Petitioner's detailed objections

2. Whether Petitioner's DNA statistical evidence claim merits a COA

3. Whether Petitioner's ineffective assistance of counsel claims merits a COA

4. Whether Petitioner's prosecutorial misconduct claims merit a COA

5. Whether Petitioner's claim regarding his pre-arrest or pre-indictment claim merits a COA

6. Whether a COA should issue based on the cumulative effect of errors

For the reasons that follow, a COA is DENIED.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. <u>See</u> 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even

though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Petitioner's first issue - regarding the scope of the Court's review of the MJRR - does not warrant a COA. The Court did conduct a de novo review of both the MJRR and Petitioner's objections. As stated in the order adopting the MJRR, Petitioner raised essentially the same arguments in support of his claims carefully considered and rejected by the magistrate judge. Given the completeness of the MJRR, there was no need to reiterate the magistrate judge's reasoning with which the Court fully agreed.

Petitioner's remaining issues seek a COA on the claims raised in the petition. As fully explained in the MJRR, Petitioner's claims lack merit. For all the reasons stated in the MJRR, reasonable jurists would not find the assessment of Petitioner's claims debatable or wrong. Accordingly, a COA is not warranted on these claims.

SO ORDERED.

_s/Avern Cohn_____
AVERN COHN
Dated: November 2, 2005                    UNITED STATES DISTRICT JUDGE
Detroit, Michigan